# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TONYA J. SMITH,
    Plaintiff

vs

LINDA D. SMITH, et al.,
    Defendants.

Case No. 1:12-cv-341

Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, initiated this action in April 2012 against defendants Linda D. Smith, Medical Director Department of Veterans Affairs, and Eric K. Shinseki, the Secretary of the United States Department of Veterans Affairs. (Doc. 1, attachment 1). On January 16, 2013, plaintiff sought to amend the complaint naming Eric K. Shinseki, the Secretary of the United States Department of Veterans Affairs, as the sole defendant in this matter. (Doc. 9).

On January 18, 2013, plaintiff was directed by the Court pursuant to Fed. R. Civ. P. 11, to sign the amended complaint and return it to the Clerk of Court within fifteen (15) days if she still wished to file the amended complaint, and to serve a summons form and a copy of her signed amended complaint within sixty (60) days on the defendant pursuant to Fed. R. Civ. P. 4 (i). The Court's Order also informed plaintiff that failure to comply with the Order would result in the amended complaint being stricken from the docket of the Court. (Doc. 11). On February 25, 2013, the Order of the Court sent via certified mail to plaintiff was returned to the Clerk of Court by the U. S. Postal Service

marked "Unclaimed - Return to Sender." (Doc. 12).

On March 18, 2013, plaintiff was again Ordered to show cause in writing within twenty (20) days why the amended complaint should not be stricken from the record. The Court's Order also informed plaintiff that failure to comply with terms of the order shall result in a report and recommendation to the District Court that plaintiff's amended complaint be stricken from the docket of the Court, and that all claims against defendants be dismissed for lack of prosecution. (Doc. 13). On April 12, 2013, the Order of the Court sent via certified mail to plaintiff was returned to the Clerk of Court by the U.S. Postal Service marked "Unclaimed - Return to Sender." (Doc. 14). To date, plaintiff has failed to respond to the Court's Orders.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993).

2

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be DISMISSED in its entirety for want of prosecution and for failure to obey an Order of the Court.

**IT SO ORDERED**.

Date: 4/18/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TONYA J. SMITH, | Case No. 1:12-cv-341 |
|     Plaintiff | Beckwith, J. |
| vs | Litkovitz, M.J. |
| LINDA D. SMITH, et al., | |
|     Defendants. | |

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Tonya J. Smith<br>2704 W. Northbend Rd.<br>Cinti, OH 45239 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7011 3500 0001 5345 5499 | |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540